# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ROBERT CHISHOLM,** *Plaintiff*, v. **MOUNTAIRE FARMS OF NORTH CAROLINA CORP.,** *Defendant*. | **CASE NO.: 1:21-CV-832** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Robert Chisholm ("Chisholm"), and complaining of the Defendant, Mountaire Farms of North Carolina Corp., home state name Mountaire Farms Inc. ("Mountaire"), alleges the following to be true:

### INTRODUCTION

1    This action arises from Mountaire's termination of Chisholm based on his disability in violation of the Americans with Disabilities Act, 42 §§ U.S.C. 12101 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*

-1-

**2**     Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3**     Chisholm is a resident of Guilford County, North Carolina, and is neither a minor nor incompetent.

**4**     Mountaire is a foreign corporation with offices in Chatham County, North Carolina, and a registered agent in Raleigh, North Carolina.

**5**     This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

> **5.1**     28 U.S.C. § 1331, as the action arises out of 42 §§ U.S.C. 12101 *et seq.*, 29 U.S.C. §§ 2601 *et seq.*, and 29 U.S.C. §§ 1001 *et seq.*

**6**     This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

> **6.1**     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;
>
> **6.2**     N.C. Gen. Stat. § 1-75.4(1)(d), as Mountaire was engaged in substantial business activity within this state at the time service of process was made upon it.

  6.3  N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Chisholm's person or property.

 7 Venue is proper in this Court pursuant to any/all of the following:

  7.1  28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

  7.2  28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## STATEMENT OF THE FACTS

 8 Chisholm began working for Mountaire in Siler City, North Carolina, as a line operator on or around November 11, 2019.

 9 In May 2020 Chisholm hurt his shoulder at home, starting a period of chronic pain and extremely limited mobility.

 10 Chisholm applied for and received short-term disability benefits through his employer-provided disability insurance program.

 11 From May 14 through September 3, 2020, Chisholm was out of work for physical therapy and treatment of his shoulder.

 12 Chisholm went to Mountaire in Siler City weekly to give them updated doctor's notes.

13      On September 3, 2020, Chisholm's doctor released him for light duty work. When he took the note to Mountaire and said he was ready to go back to work, he was told he was terminated. He was not provided with a reason for his termination.

14      Mountaire has more than 500 employees.

15      Chisholm filed a charge with the EEOC within 180 days of his termination and received a notice of right to sue on July 28, 2021.

## FIRST CAUSE OF ACTION
### Disability Discrimination
*The Americans with Disabilities Act, 42 §§ U.S.C. 12101* et seq.

16      Chisholm was a qualified individual with a disability.

17      Chisholm was discharged.

18      Chisholm was fulfilling his employer's legitimate expectations at the time of discharge.

19      The circumstances of Chisholm's discharge raise a reasonable inference of unlawful discrimination.

## SECOND CAUSE OF ACTION
### FMLA Retaliation
*Family and Medical Leave Act, 29 U.S.C. §§ 2601* et seq.

20      Chisholm engaged in the protected activity of using FMLA leave.

21      Chisholm was discharged.

22      There is a causal connection between Chisholm's protected activity and his discharge.

## THIRD CAUSE OF ACTION
## ERISA Retaliation
*Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.*

23  Chisholm engaged in the protected activity of using an ERISA-governed benefits plan.

24  Chisholm was discharged.

25  There is a causal connection between Chisholm's protected activity and his discharge.

## PRAYER FOR PUNITIVE DAMAGES

26  Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **26.1**  Malice;

    **26.2**  An evil motive; and/or

    **26.3**  Callous indifference to a federally protected right.

27  Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

28  Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1  Enter Judgment for Chisholm against Defendant on all causes of action contained herein;

**2**     Award Chisholm damages, including punitive damages, in an amount to be determined at trial;

**3**     Tax the costs of this action against Defendant and award Chisholm reasonable attorney fees as permitted by law, and;

**4**     Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 26th day of October 2021,*

/s/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2021, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

>Mountaire Farms of North Carolina Corp.
>c/o CT Corporation System
>160 Mine Lake Ct. Ste 200
>Raleigh, NC 27615
>*Defendant*

>/s/ **WILSON FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com