IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT CHISHOLM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21CV832 |
| ) | |
| MOUNTAIRE FARMS OF NORTH ) | |
| CAROLINA CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Robert Chisholm ("Chisholm"), initiated this action on October 26, 2021, against Defendant, Mountaire Farms of North Carolina Corp. ("Mountaire Farms"), alleging disability discrimination under the Americans with Disabilities Act, 42 §§ U.S.C. 12101 *et seq.*, and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 9.) For the reasons stated herein, Defendant's motion will be granted.

**I. BACKGROUND**

Chisholm was employed by Mountaire Farms from November 11, 2019, to September 3, 2020. (ECF No. 1 ¶¶ 8, 13.) He was hired as a line operator. (*Id.* ¶ 8.) In May 2020, Chisholm injured his shoulder while at home, causing "a period of chronic pain and extremely limited mobility." (*Id.* ¶ 9.) Chisholm then applied for and received short-term disability benefits through his employer-provided disability insurance program. (*Id.* ¶ 10.)

Chisholm was out of work from May 14, 2020, through September 3, 2020. (*Id.* ¶ 11.) During this time, Chisholm received physical therapy and treatment for his injured shoulder. (*Id.*) He provided Mountaire Farms with updated doctor's notes weekly. (*Id.* ¶ 12.)

On September 3, 2020, Chisholm was released "for light duty work" by his doctor. (*Id.* ¶ 13.) He took an updated doctor's note to Mountaire Farms and "said he was ready to go back to work." (*Id.*) That same day, Chisholm was told that he was terminated, and he was not provided with a reason for his termination. (*Id.*)

According to the Complaint, Chisholm filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of his termination and received notice of right to sue on July 28, 2021. (*Id.* ¶ 15.) Chisholm's Complaint does not state what day the charge was filed.

On October 26, 2021, Chisholm filed this suit against Mountaire Farms. (ECF No. 1.) Now pending are his claims for (1) discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) retaliation in violation of the Family and Medical Leave Act ("FMLA"); and (3) retaliation in violation of the Employee Retirement and Income Security Act ("ERISA"). Chisholm seeks compensatory damages, punitive damages, reasonable attorney's fees, and costs.

On December 20, 2021, Mountaire Farms filed a motion to dismiss this action for failure to state claims upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 9.)

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v.*

2

*Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor.  *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).  A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

Generally, on a Rule 12(b)(6) motion to dismiss, a court cannot consider documents beyond the complaint without converting the motion into a motion for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).  The court can, however, properly consider "documents attached to or referenced in the complaint, as well as those attached to the motion to dismiss, so long as those documents are "integral to and explicitly relied on in the complaint."  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

3

### III. DISCUSSION

#### A. ADA Claim

Mountaire Farms first argues that the Court should dismiss Chisholm's ADA claim because he failed to exhaust his administrative remedies by filing a timely charge with the EEOC. (ECF No. 10 at 5.) In the alternative, Mountaire Farms contends that the Court should dismiss the claim because Chisholm fails to allege facts demonstrating that he is a "qualified individual with a disability" or that that he was fulfilling Mountaire Farms' legitimate expectations at the time of his discharge. (*Id.* at 8.)

##### 1. Timely Charge of Discrimination

To raise an ADA claim in federal court, a plaintiff must first exhaust his administrative remedies by filing a timely charge with the EEOC. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). To qualify as timely, a charge must be filed by the plaintiff within 180 days of the alleged discriminatory incident. 42 U.S.C. § 2000e–5(e)(1); *J.S. ex rel. Duck v. Isle of Wight Cnty. Sch. Bd.*, 402 F.3d 468, 475 n.12 (4th Cir. 2005). "An untimely charge is not a jurisdictional bar but rather is 'like a statute of limitations, . . . subject to waiver, estoppel, and equitable tolling.'" *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 440 (M.D.N.C. 2011) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Here, on the face of the Complaint, Chisholm never alleges that he exhausted his administrative remedies before filing this lawsuit. (ECF No. 1.) Rather, he makes two allegations which appear to relate to the timeliness of the filing of a charge with the EEOC:

- On September 3, 2020, . . . [Chisholm] was told he was terminated. (ECF No. 1 ¶ 13.)
- Chisholm filed a charge with the EEOC within 180 days of his termination and received a notice of right to sue on July 28, 2021. (*Id.* ¶ 15.)

4

As earlier stated, the Complaint does not state on what date the charge was filed or the form of such charge, nor does Chisholm attach the charge referenced in the Complaint to the Complaint itself. Both parties submitted documents outside of the pleadings that are relevant to the issue of whether Chisholm's charge of discrimination was timely filed with the EEOC. The Court will consider each party's submission to determine whether each submission will be considered in this Court's resolution of this motion to dismiss.

Defendant Mountaire Farms attached to its motion to dismiss a copy of Chisholm's formal Charge of Discrimination filed with the EEOC which demonstrates that it was signed and filed by Chisolm on March 28, 2021. (ECF No. 10-1 at 2.) As outlined earlier, the Fourth Circuit has long held that such document attached to a motion to dismiss can be considered by the court so long as the document is both authentic and "integral to and explicitly relied upon in the complaint." *Am. Chiropractic Ass'n*, 367 F.3d at 234. Chisholm does not contest the authenticity of the formal charge submitted by Mountaire Farms. However, it is clear that Chisholm did not rely on the formal charge in filing his Complaint, since doing so would have made the charge untimely on the face of the Complaint. By attaching the formal charge, Mountaire Farms seeks to raise the affirmative defense that Chisholm's claim is time-barred, which is an issue that generally cannot be reached on a motion to dismiss under Rule 12(b)(6). *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) ("[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred."). Nor does this case present the limited circumstances where an affirmative defense can be reached on a motion to dismiss where "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (emphasis omitted) (quoting

5

*Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).  For these reasons, the Court will not consider the formal charge attached to Mountaire Farms' motion.

Chisholm attached to his brief in opposition to Mountaire Farms' motion his entire EEOC charge file (comprised of various documents).  (ECF No. 12-1.)  While it is unclear from the face of the Complaint what Chisholm relied upon to support his allegation that he "filed a charge with the EEOC within 180 days of his termination," he now seeks to show that he attempted to file the charge before the expiration of time or, alternatively, that another document may have satisfied the charge requirement.  (ECF No. 12 at 4–7.)  Chisholm's EEOC charge file contains over a dozen documents, including the EEOC's Charge Detail Inquiry, Intake Interview, Notice of Charge of Discrimination, records of Chisholm's leave with Mountaire Farms, as well as handwritten faxes from Chisholm to the EEOC.  (ECF No. 12-1 at 14–24, 31–38.)  None of these charge file documents are explicitly referenced in the Complaint.  Chisholm will not be allowed to amend his Complaint through his brief in opposition and is bound by the allegations contained in the Complaint.  *Watson v. England*, No. 19CV945, 2021 WL 410879, at *3 (M.D.N.C. Feb. 5, 2021).  Thus, the forty-seven-page charge file is not "integral to and explicitly relied on in the complaint," (*see* ECF No. 12-1), and will not be considered for purposes of this motion to dismiss.  Doing so would require conversion of the Rule 12(b)(6) motion into a summary-judgment motion.  *George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980).

Having determined that the extrinsic submissions by both parties cannot be considered in the context of this motion to dismiss, the Court will only consider the facts as alleged in Chisholm's Complaint.  Taking the allegations in the Complaint as true and drawing all inferences in the Chisholm's favor, as the Court is required to do at this stage of the

6

proceedings, Chisholm, through artful pleading, has survived Mountaire Farms' specific and limited challenge to the timeliness of the charge. However, this should not be read as a finding by the Court that Chisholm has in fact exhausted his administrative remedies. Further factual development is required for that determination. Nevertheless, the Court will address Mountaire Farms' motion to dismiss with respect to Chisholm's three claims.

2. Disability Discrimination Claim

To establish a prima facie case for disability discrimination, a plaintiff must show that "(1) he 'was a qualified individual with a disability'; (2) he 'was discharged'; (3) he 'was fulfilling h[is] employer's legitimate expectations at the time of discharge'; and (4) 'the circumstances of h[is] discharge raise a reasonable inference of unlawful discrimination.'" *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (quoting *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 n.9 (4th Cir. 2004)).

First, Mountaire Farms argues that Chisholm has not plausibly alleged that he is a disabled individual under the ADA, noting that the "Complaint doesn't identify what his disability is or offer any factual development regarding the impact of his alleged disability on any major life activities." (ECF No. 10 at 9.)

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Under the ADA, a major life activity includes "performing manual tasks," "standing," "lifting," and "working." § 12102(2)(A).

"In September 2008, Congress broadened the definition of 'disability' by enacting the ADA Amendments Act of 2008 . . . ." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (quoting *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 329 (4th Cir. 2014)). The

purpose of the ADA Amendments Act ("ADAAA") was "to make it easier for people with disabilities to obtain protection under the ADA." 29 C.F.R. § 1630.1(c)(4) (2021). "The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability." *Id.* "[T]he question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." ADA Amendments Act of 2008, Pub. L. No. 110–325, § 2(b)(5), 122 Stat. 3553, 3554 (2008). "In enacting the ADAAA, Congress abrogated earlier inconsistent caselaw." *Jacobs*, 780 F.3d at 572 (citing *Summers*, 740 F.3d at 331).

In the Complaint, Chisholm states that he "hurt his shoulder" and this started "a period of extremely limited mobility," resulting in him being "out of work." (ECF No. 1 ¶¶ 9, 11.) Given the "broadened" definition of "disability," the Court finds Chisholm has alleged a condition that substantially limits major life activities like "working." Accordingly, Chisholm has alleged facts sufficient at this stage of the proceeding to plausibly allege that he is disabled under the ADA.

Next, Mountaire Farms argues that under the ADA, Chisholm is not a qualified individual, for "he doesn't identify any essential elements of his job or allege, even in a conclusory fashion, that he could perform those functions." (ECF No. 10 at 9.)

The ADA only permits qualified individuals for the job to state a discrimination claim. *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 212 (4th Cir. 1994). Under § 12111(8) of the ADA, a qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A function is essential to the position when

8

"'the reason the position exists is to perform that function,' when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs*, 780 F.3d at 579 (citing 29 C.F.R. § 1630.2(n)(2)).

In his Complaint, Chisholm does not articulate the essential functions of his job. Nor does he allege any facts demonstrating that he could perform the essential functions of his position with or without reasonable accommodation. Thus, Chisholm has not plausibly alleged that he is a "qualified individual."

Further, Chisholm makes only a conclusory statement that "[t]he circumstances of [his] discharge raise a reasonable inference of unlawful discrimination." (ECF No. 1 ¶ 19.) The Complaint is devoid of factual allegations which suggest that Mountaire Farms fired Chisholm because of his disability. (*Id.* ¶¶ 8–15.) Mountaire Farms granted Chisholm short-term disability leave, which he remained on without issue, for nearly four months. (*Id.* ¶ 11.) Chisholm's contention that he "was not provided with a reason for his termination," (*id.* ¶ 13), alone does not raise a reasonable inference of unlawful discrimination. Accordingly, Chisholm does not plausibly allege facts creating a reasonable inference that he was discriminatorily discharged. Mountaire Farms' motion to dismiss as to Chisholm's ADA claim is therefore granted.

### B. FMLA Retaliation Claim

With respect to Chisholm's FMLA claim, Mountaire Farms argues that Chisholm's Complaint demonstrates that he was never eligible for FMLA. (ECF No. 10 at 10.) Chisholm agrees that his FMLA claim was erroneously pleaded. (ECF No. 12 at 8.) The Court likewise agrees.

To state a prima facie case of a FMLA retaliation claim, a plaintiff must allege: (1) "that he engaged in protected activity"; (2) "that the employer took adverse action against him"; and (3) "that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 551 (4th Cir. 2006) (quoting *Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998)).

To engage in protected activity, a plaintiff must be an eligible employee. *Babcock v. BellSouth Advert. & Publ'g Corp.*, 348 F.3d 73, 76–77 (4th Cir. 2003). An "eligible employee" is defined as an employee who has been employed "for at least 12 months by the employer with respect to whom leave is requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). The determination of whether an employee meets these requirements is made "as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d) (2021); *Babcock*, 348 F.3d at 77 n.3.

Here, Chisholm, by his own admission, was only employed at Mountaire Farms for approximately six months (from November 11, 2019, to May 14, 2020) when he took leave at Mountaire Farms. (ECF No. 1 ¶¶ 8, 14.) Chisholm's period of employment falls short of the required twelve months needed for FMLA eligibility. Accordingly, Mountaire Farms' motion to dismiss is granted as to Chisholm's FMLA retaliation claim.

### C.     ERISA Retaliation Claim

Finally, Mountaire Farms asserts that the Court should dismiss Chisholm's ERISA retaliation claim because Chisholm fails to allege sufficient facts "that he was qualified for his job" or "that [Mountaire Farms] discharged him with the intent to interfere with [Chisholm's] short-term disability benefits." (ECF No. 10 at 12.)

Section 510 of ERISA makes it unlawful "to discharge . . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled." 29 U.S.C. § 1140; *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 277 (4th Cir. 1995). A plaintiff making a claim for ERISA retaliation must allege: (1) "that he is a member of the protected class, *i.e.*, a participant in an employee benefit plan"; (2) "that he was qualified for the job"; and (3) "that he was discharged 'under circumstances that give rise to an inference of discrimination.'" *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 722 (W.D.N.C. 2012) (quoting *Blair v. Young Phillips Corp.*, 235 F. Supp. 2d 465, 473 (M.D.N.C. 2002)).

The factual allegations supporting Chisholm's ERISA claim are even slimmer than those for his ADA claim. Chisholm's Complaint provides no factual allegations showing that he was qualified for the job (nor does he plead that required element of the claim in even a conclusory fashion). (ECF No. 1 ¶¶ 23–25.) Additionally, Chisholm makes only a conclusory statement that "[t]here is a causal connection between Chisholm's protected activity and his discharge." (*Id.* ¶ 25.) The Complaint does not include any factual allegations supporting that Mountaire Farms discharged him because of his disability. Accordingly, Chisholm has failed to plausibly state a claim for relief under ERISA and his claim must and will be dismissed.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (ECF No. 9), is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

This, the 21st day of September 2022.

/s/ Loretta C. Biggs
United States District Judge