IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT CHISHOLM,                      )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          1:21cv832
                                      )
MOUNTAIRE FARMS OF NORTH              )
CAROLINA CORP.,                       )
                                      )
            Defendant.                )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States
Magistrate Judge for a recommendation on the "Motion for Leave to
File Amended Complaint" (Docket Entry 16) (the "Motion") filed by
Robert Chisholm (the "Plaintiff"), which the undersigned deemed "a
motion to alter or to amend [the] Judgment, to include therein
language explicitly authorizing amendment of [Plaintiff's
c]omplaint" (Text Order dated Oct. 18, 2022).  For the reasons that
follow, the Court should grant the Motion.

### BACKGROUND

Following termination of his employment with Mountaire Farms
of North Carolina Corporation (the "Defendant"), Plaintiff sued
Defendant for violations of the Americans with Disabilities Act
(the "ADA"), the Family and Medical Leave Act (the "FMLA"), and the
Employee Retirement Income Security Act (the "ERISA").  (See, e.g.,
Docket Entry 1 (the "Complaint"), ¶ 1.)  Defendant moved to dismiss

Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (at times, the "Rules"). (See Docket Entry 9 (the "Dismissal Motion") at 1.)[1]  More specifically, Defendant moved to "dismiss Plaintiff's Complaint in its entirety and with prejudice" on the grounds that Plaintiff's ADA "claim is time-barred" and that "Plaintiff's ADA discrimination claim and his FMLA and ERISA retaliation claims lack any specific factual support, merely recite the elements of their respective causes of action, relying solely on legally conclusory allegations, and are therefore legally insufficient to state claims for relief which are plausible on their face." (Id. at 1-2.)

The Court (per United States District Judge Loretta C. Biggs) denied Defendant's timeliness challenge, finding that Plaintiff, "through artful pleading, has survived [Defendant's] specific and limited challenge to the timeliness of [his EEOC] charge." (Docket Entry 14 (the "Order") at 7.)  The Order cautioned, "[h]owever, [that] this should not be read as a finding . . . that [Plaintiff] has in fact exhausted his administrative remedies.  Further factual development is required for that determination." (Id.)  The Order nevertheless granted Defendant's request to dismiss Plaintiff's ADA claim, due to the Complaint's lack of factual allegations indicating that Plaintiff "is a 'qualified individual'" or that

_____

        1  Docket Entry page citations utilize the CM/ECF footer's pagination.

Defendant "fired [Plaintiff] because of his disability." (Id. at 9.) Noting that "[t]he factual allegations supporting [Plaintiff's] ERISA claim are even slimmer than those for his ADA claim," the Order similarly found that Plaintiff "has failed to plausibly state a claim for relief under ERISA and his claim must and will be dismissed." (Id. at 11.) Conversely, the Order dismissed Plaintiff's FMLA claim, which Plaintiff agreed "was erroneously pleaded" (id. at 9), on the grounds that Plaintiff, "by his own admission, was only employed at [Defendant] for approximately six months" (id. at 10). Thus, Plaintiff's "period of employment falls short of the required twelve months needed for FMLA eligibility" (id.), and, as such, the "Complaint demonstrates that [Plaintiff] was never eligible for FMLA" protections (id. at 9). The Order therefore granted the Dismissal Motion, except that it specifically dismissed the matter without prejudice. (See id. at 12 ("This action is **DISMISSED WITHOUT PREJUDICE.**" (emphasis in original)).)[2] The accompanying Judgment likewise dismissed the action without prejudice. (See Docket Entry 15 at 1.)

---

2  "[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-Marquez, __ U.S. __, 140 S. Ct. 1721 (2020); see also Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion.").

3

Because neither the Order nor the Judgment explicitly granted Plaintiff leave to amend his Complaint to replead his ADA and ERISA retaliation claims (see Docket Entry 14 at 12; Docket Entry 15 at 1), the day after the Order and Judgment issued, Plaintiff filed the Motion (see Docket Entry 16 at 2). Defendant did not oppose the Motion. (See Docket Entries dated Sept. 22, 2022, to Oct. 18, 2022.) After Defendant's response time elapsed, the Court (per the undersigned) issued an order

> (A) deeming [the Motion] a motion to alter or to amend [the] Judgment, to include therein language explicitly authorizing amendment of [the] Complaint, and (B) re-opening the time for Defendant to respond to [the] Motion (as now construed) and setting a deadline . . . for any such response, as well as a reply deadline . . . for any timely filed response. Defendant did not file a timely response to [the] Motion and thus, pursuant to Local Rule 7.3(k), the Court treats [the] Motion as unopposed and generally subject to granting as a matter of course. However, in this case, Plaintiff filed [the] Motion seeking leave to amend [the] Complaint after the entry of [the] Judgment, which (although it dismissed [the] Complaint without prejudice) did not expressly grant permission for Plaintiff to amend [the] Complaint. Pursuant to Britt v. DeJoy, 45 F.4th 790, 796 (4th Cir. 2022) (en banc), such a dismissal constitutes a final judgment precluding leave to amend absent relief under Federal Rules of Civil Procedure 59 and/or 60. Given Britt's recent vintage,[3] Britt's expression of concern about possible harm to litigants unaware of the decision, and the short (extension-exempt) deadline for filing motions under Federal Rule of Civil Procedure 59(e), the issuing Magistrate Judge has elected to treat [the] Motion as brought under that provision and to allow an

---

3 The United States Court of Appeals for the Fourth Circuit issued Britt in August 2022, see id. at 790, only a few weeks before issuance of the Order and Judgment in September 2022 (see Docket Entry 14 at 12; Docket Entry 15 at 1).

opportunity for the parties to address the matter from
that perspective.

(Text Order dated Oct. 18, 2022.)  Defendant thereafter filed an
opposition to the Motion (<u>see</u> Docket Entry 18), to which Plaintiff
replied (<u>see</u> Docket Entry 19).

**DISCUSSION**

**I. Relevant Standards**

"The [Rules] provide several methods by which judgments may be
re-examined.  One vehicle is a motion to alter or amend under Rule
59(e)."  <u>Zinkand v. Brown</u>, 478 F.3d 634, 636-37 (4th Cir. 2007).
"[Rule 59(e)] does not specify the reasons that will support such
a motion and provides only that such motions 'shall be filed no
later than 10 days after entry of the judgment.'"  <u>Id.</u> at 637
(quoting Fed. R. Civ. P. 59(e)).  However, the United States Court
of Appeals for the Fourth Circuit recognizes three situations where
"Rule 59(e) motions can be successful," namely "(1) to accommodate
an intervening change in controlling law; (2) to account for new
evidence not available at trial; or (3) to correct a clear error of
law or prevent manifest injustice."  <u>Id.</u> (internal quotation marks
omitted).  "Thus," in the words of the Fourth Circuit, "Rule 59(e),
in essence, gives the district court a chance to correct its own
mistake if it believes one has been made."  <u>Id.</u>; <u>see also</u> <u>Pacific
Ins. Co. v. American Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th
Cir. 1998) ("[Rule 59(e)] permits a district court to correct its
own errors, sparing the parties and the appellate courts the burden

5

of unnecessary appellate proceedings." (internal quotation marks omitted)).

In addition, the Fourth Circuit has long held that district courts should generally not dismiss complaints under Rule 12(b)(6) with prejudice without permitting a plaintiff at least one opportunity to amend the complaint. See, e.g., Ostrzenski v. Seigel, 177 F.3d 245, 252 (4th Cir. 1999) (holding, in response to argument that "the allegations contained in [the plaintiff's] complaint do not set forth enough details so as to provide [the defendant] and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery," that "the district court should not have dismissed the complaint with prejudice without permitting [the plaintiff] an opportunity to amend" (internal quotation marks omitted)).[4]  According to the Fourth Circuit, in the context of

> [a] dismissal under Rule 12(b)(6) . . .[,] *the court normally will give plaintiff leave to file an amended complaint*.  The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [a] plaintiff be given every opportunity to cure a formal defect in his pleading.  This is true even though the court doubts that [the] plaintiff will be able to overcome the defects in

---

4 A dismissal with prejudice operates as an appealable, final order.  See, e.g., Himler v. Comprehensive Care Corp., 790 F. Supp. 114, 115–16 (E.D. Va. 1992) ("A plaintiff generally can appeal from a dismissal with prejudice.  There the dismissal actually goes to the merits of the case and is considered a final appealable order so that the plaintiff may appeal therefrom." (internal quotation marks omitted)).

his initial pleading.  Amendment should be refused only
if it appears to a certainty that [the] plaintiff cannot
state a claim.  The better practice is to allow at least
one amendment regardless of how unpromising the initial
pleading appears because except in unusual circumstances
it is unlikely that the court will be able to determine
conclusively on the face of a defective pleading whether
[the] plaintiff actually can state a claim.

Id. at 252-53 (internal quotation marks omitted) (emphasis in
original); see also Harman v. Unisys Corp., 356 F. App'x 638, 641
(4th Cir. 2009) (acknowledging that "[the plaintiff's] complaint is
cumbersome and voluminous and contains numerous irrelevant
allegations" and that it "could have been more succinct and more
specific with regard to [the facts underlying the relevant
claims]," but "nonetheless hold[ing] that the district court should
have allowed [the plaintiff] an opportunity to refine her Title
VII, ADEA and § 1981 retaliation claims by amending her complaint,
rather than dismiss those claims with prejudice").

Historically, the Fourth Circuit conducted a case-by-case
assessment to determine whether Rule 12(b)(6) dismissals without
prejudice that did not specifically grant leave to amend
constituted appealable final orders.  See, e.g., Britt, 45 F.4th at
794 ("But what happens when a district court dismisses a complaint
or all claims within a complaint without prejudice yet remains
silent as to the possibility of amendment?  In these cases, to
determine whether an order is final, we have adopted a case-by-case
methodology."); see also Goode v. Central Va. Legal Aid Soc'y,
Inc., 807 F.3d 619, 623-24 (4th Cir. 2015) (discussing case-by-case

7

process and guidelines derived therefrom), <u>abrogated in part on
other grounds by</u> <u>Bing v. Brivo Sys., LLC</u>, 959 F.3d 605 (4th Cir.
2020).   Generally,  however,  where  a  "district  court  granted  a
motion  to  dismiss  for  failure  to  plead  sufficient  facts  in  the
complaint," the Fourth Circuit treated such dismissal as a non-
final, non-appealable order "because the plaintiff could amend the
complaint  to  cure  the  pleading  deficiency."   <u>Goode</u>,  807  F.3d  at
624; <u>see also</u> <u>id.</u> at 628 ("A district court's decision is not final
and appealable merely because the court did not affirmatively state
that the plaintiff could have amended the complaint; rather, [the
Fourth  Circuit]  may  only  exercise  appellate  jurisdiction  where  a
district  court's  order  clearly  indicates  that  amendment  to  the
complaint could *not* cure the complaint's defects.  A litigant may
not presume the finality of a district court's order — particularly
an order expressly granting a motion to dismiss 'without prejudice'
on the basis of pleading inadequacies that could be rectified with
little  effort  by  amendment."  (citation  omitted)  (emphasis  in
original)).

     Thus, when plaintiffs appealed from such orders, the Fourth
Circuit  traditionally  dismissed  the  appeal  and  remanded  with
instructions to allow the plaintiff to file an amended complaint.
<u>See, e.g.</u>, <u>Squires v. Merit Sys. Prot. Bd.</u>, 828 F. App'x 909, 910
(4th Cir. 2020) ("Dismissals without prejudice generally are not
appealable unless the grounds for dismissal clearly indicate that

8

no amendment in the complaint could cure the defects in the plaintiff's case.  Because the grounds for the district court's dismissal and our review of the record indicate that the complaint's deficiencies could be corrected by improved pleading, [the Fourth Circuit] conclude[d] that the district court's order is neither a final order nor an appealable interlocutory or collateral order" and "remand[ed] to the district court with instructions to allow [the plaintiff] to amend the complaint . . . ." (internal quotation marks, citation, and brackets omitted)); Steven B. Snyder, M.D, P.A. v. Cynosure, Inc., No. 19-1459, 2019 WL 13222282, at *1 (4th Cir. July 18, 2019) (explaining that, where "[t]he district court specifically concluded that [the p]laintiffs pled their intentional misrepresentation claims with 'insufficient particularity,' and the court did not clearly indicate that no amendment could cure this defect," its "order is neither a final order nor an appealable interlocutory or collateral order," necessitating "dismiss[al of] this appeal for lack of jurisdiction and remand . . . to the district court with instructions to allow [the p]laintiffs to amend their complaint" (citation omitted)); Golson v. Anderson, 667 F. App'x 43 (4th Cir. 2016) (explaining that, "[a]n order dismissing a complaint without prejudice is not an appealable final order if 'the plaintiff could save his action by merely amending his complaint,'" and that, "[w]here a district court dismisses an action for failure to plead sufficient facts in

9

the complaint, [the Fourth Circuit] lack[s] appellate jurisdiction because the plaintiff could amend the complaint to cure the pleading deficiency," and "remand[ing] the case to the district court with instructions to allow [the plaintiff] leave to file an amended complaint").

However, shortly before the issuance of the Order and Judgment, the Fourth Circuit "establish[ed] a new rule governing [such dismissals]." Britt, 45 F.4th at 791. Per the Fourth Circuit:

> Though our case-by-case approach was adopted with the aim of judicial efficiency and avoiding piecemeal appeals, with the benefit of hindsight, we now realize that a more wholesale approach better fits our initial aim of fulfilling the important purposes of the final judgment rule. Accordingly, today, we adopt a better approach: We now hold that when a district court dismisses a complaint or all claims without providing leave to amend, we need not evaluate the grounds for dismissal or do anything more — the order dismissing the complaint is final and appealable. By requiring the district court to state whether a plaintiff has leave to amend and concluding that an order is final when a district court does not, we no longer speculate about what the district court meant when stating "without prejudice" or what the parties may do in the future.

Id. at 795-96 (citation omitted). In so holding, the Fourth Circuit "acknowledge[d] that by adopting this new rule, we may create new sources of confusion." Id. at 796. "Yet," according to the Fourth Circuit, the new approach "place[s] all questions regarding finality squarely in the hands best equipped to solve them: the district court. Thus, when the district court believes

10

a deficiency in a complaint can be cured, it should say so and grant leave to amend." Id.

## II. Analysis

Here, the Dismissal Motion sought dismissal of "Plaintiff's Complaint in its entirety and with prejudice" for, in connection with Plaintiff's ADA claim, Plaintiff's alleged failure to timely file an EEOC charge of discrimination and, in regards to all three claims, the Complaint's alleged "lack [of] any specific factual support," a deficiency that Defendant maintained rendered them "legally insufficient to state claims for relief which are plausible on their face." (Docket Entry 9 at 1-2.) The Order denied Defendant's timeliness challenge, concluding that the timeliness question required "[f]urther factual development" beyond what could "be considered in the context of [a Rule 12(b)(6)] motion to dismiss." (Docket Entry 14 at 6-7.) The Order agreed, though, that the Complaint lacked the necessary factual development to support Plaintiff's ADA claim (see id. at 9) and his ERISA retaliation claim (see id. at 11), necessitating their dismissal (see id. at 9, 11). In so doing, however, the Order made clear that its dismissal — without prejudice (see id. at 12) — of those claims arose from the Complaint's lack "of factual allegations" (id. at 9; see also id. at 11) rather than from an inherent impediment to those claims, unlike with Plaintiff's FMLA claim (see id. at 9-10 (concluding that Complaint established Plaintiff's

11

ineligibility for FMLA protections)). Additionally, one cannot say from reviewing the Complaint, which Plaintiff had not previously attempted to amend (see Docket Entries dated Oct. 26, 2021, to Sept. 21, 2022), that "it appears to a certainty that [P]laintiff cannot state a claim," Ostrzenski, 177 F.3d at 253 (internal quotation marks omitted), under the ADA and ERISA. (See Docket Entry 1.) As such, this matter bears all the hallmarks of a situation where a court should, and the Court perhaps intended to, "permit[ Plaintiff] an opportunity to amend," Ostrzenski, 177 F.3d at 252.

Moreover — contrary to Defendant's request — the Order specifically provided for dismissal without prejudice (see Docket Entry 14 at 12), an approach that traditionally signified the dismissal "[wa]s not final or on the merits" and afforded "plaintiff leave to file an amended complaint," Ostrzenski, 177 F.3d at 252 (internal quotation marks and emphasis omitted). However, shortly before issuance of the Order, the Fourth Circuit introduced "a new rule," Britt, 45 F.4th at 791, that upended nearly thirty years of precedent, see id. at 794. As a result, just as the Fourth Circuit "recognize[d]" might occur, Plaintiff found himself "entrapped by [the Fourth Circuit's] new rule," id. at 796. See also id. (observing that "[s]uch a 'trap' may arise where a district court dismisses a complaint without prejudice and without giving leave to amend but a plaintiff would nonetheless

12

like to amend h[is] complaint"). Yet, "the Federal Rules of Civil Procedure should not be used to set traps for unwary litigants." Id. Additionally, nothing in Britt alters the well-established principle that a court should ordinarily "allow at least one amendment," Ostrzenski, 177 F.3d at 253 (internal quotation marks omitted), when it dismisses a complaint pursuant to Rule 12(b)(6) for failure to allege sufficient facts to state a viable claim. See generally Britt, 45 F.4th 790.

Accordingly, given Plaintiff's expressed desire to amend his Complaint (see, e.g., Docket Entry 16), if the Court denies the Motion and Plaintiff appeals the dismissal of his ADA and ERISA retaliation claims, the Fourth Circuit will almost certainly "remand [this case] to the district court with instructions to allow [the plaintiff] to amend [his C]omplaint," Squires, 828 F. App'x at 910. Rule 59(e) exists, in part, to "spar[e] the parties and the appellate courts the burden of [such] unnecessary appellate proceedings," Pacific Ins., 148 F.3d at 403 (internal quotation marks omitted). The Court should therefore grant the Motion and amend the Judgment to authorize Plaintiff to file an amended complaint. See, e.g., E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997) (affirming grant of Rule 59(e) motion to reconsider order denying enforcement of subpoena under "'to correct a clear error of law or prevent manifest injustice'" prong and observing: "Indeed, if, as the

13

district court further found, our precedent 'virtually mandate[s]'

enforcement of the subpoena in this case, the district court would

likely have abused its discretion if it had *failed* to grant the

Rule 59(e) motion" to authorize such enforcement (brackets and

emphasis in original)).[5]

**CONCLUSION**

The circumstances of this case warrant Rule 59(e) relief.

**IT IS THEREFORE RECOMMENDED** that the Motion (Docket Entry 16),

construed as brought under Rule 59(e), be granted and the Judgment

---

5  In its opposition to the Motion, Defendant does not address any of these considerations.  (See generally Docket Entry 18.) Instead, Defendant argues only that (1) "[t]here is no evidence that the Court did not treat Plaintiff's Complaint's bare bones factual allegations as true or . . . draw all inferences in Plaintiff's favor" or "consider all of Plaintiff's allegations when making its decision to not only dismiss Plaintiff's claims, but to do so without expressly granting Plaintiff leave to amend" (id. at 12-13) and (2) "[t]he Court determined that Plaintiff's conclusory and speculative allegations were insufficient to state a claim that Defendant discriminated against Plaintiff based on his alleged disability in violation of the ADA or that Defendant retaliated against Plaintiff for utilizing Defendant's available short-term disability insurance program in violation of ERISA" (id. at 13). "As such," in Defendant's view, "there is simply no evidence that the Court's Order contains any 'clear errors of law' necessitating vacating its Order dismissing Plaintiff's Complaint, or that denying Plaintiff's Motion to Alter or amend would result in manifest injustice." (Id.)  That the Court adhered to the relevant Rule 12(b)(6) standards in evaluating Plaintiff's Complaint does not undermine the foregoing conclusion that the circumstances of this case warrant Rule 59(e) relief authorizing Plaintiff to file an amended complaint.

14

(Docket Entry 15) be altered to permit Plaintiff twenty-one days to file an amended complaint that corrects the defects noted in the Order.

This 12th day of April, 2023.

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

Case 1:21-cv-00832-LCB-LPA   Document 20   Filed 04/12/23   Page 15 of 15